tions, or angry or abusive words are not sufficient grounds for divorce for extreme and repeated cruelty.

2. DIVORCE, § 12*—*what does not constitute extreme and repeated cruelty.* In a suit for divorce on the ground of extreme and repeated cruelty, where the only acts of cruelty shown were nine years apart, one of which was a mere slapping in the face, not producing any bruise, after which the parties continued to live happily together for many years, and the other occurred while complainant was trying to get a stick pin away from defendant, when he turned and knocked her down, apparently not in anger, *held* that the court did not err in directing a verdict for the defendant.

3. INSTRUCTIONS, § 120*—*when properly refused.* An instruction which ignores undisputed evidence is properly refused.

4. DIVORCE, § 11*—*when consent to separation may be withdrawn.* Consent to a separation between a husband and wife may be withdrawn at any time within the two years under the divorce statute as to desertion.

5. APPEAL AND ERROR, § 1560*—*when refusal of instruction harmless error.* Refusal to give an instruction as to the credibility of witnesses, *held* not reversible error in view of other instructions given.

---

## The People of the State of Illinois, Defendant in Error, v. Chris Jensen, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of De Witt county; the Hon. FREDERICK C. HILL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

### Statement of the Case.

Proceeding by the People of the State of Illinois, plaintiff, against Chris Jensen, defendant, for contempt of court. From a judgment committing defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant to jail for four months and imposing a fine of one hundred dollars, defendant brings error.

W. F. GRAY, for plaintiff in error.

L. O. WILLIAMS, for defendant in error; E. B. MITCHELL, of counsel.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

CONTEMPT, § 5*—*when court no jurisdiction to enter order for.* In a proceeding against a defendant for contempt of court, based upon a petition filed by his wife charging that he had failed to pay certain sums for the support in a certain boarding school of their children pursuant to an order of court, and that he had forcibly taken possession of one of said children from petitioner, to whom another order of court had awarded its custody, where the record failed to show the nature of the proceedings in which such orders were entered, or what such orders were, or to whom said sums were to be paid, or that there was an order awarding to petitioner the custody of the children, or that defendant had any notice of such an order, *held* that no jurisdiction of the County Court to enter such orders or such judgment for contempt appeared.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.